1
2
3
4
5
6
7
8         **UNITED STATES DISTRICT COURT**
9      **SOUTHERN DISTRICT OF CALIFORNIA**
10
11 KENDRA DRYSDALE,                    CASE NO. 06CV0004 BEN (RBB)

12                       Plaintiff,      ORDER GRANTING MOTION TO
                                   DISMISS WITHOUT PREJUDICE
13         vs.                                  [Doc. No. 5]

CITY OF SAN DIEGO; KEVIN
14 BARNARD; and DOES 1-100,

15                        Defendant.

16

## I.  INTRODUCTION

      Plaintiff Kendra Drysdale ("Drysdale" or "Plaintiff") brings this action against the City of San Diego ("City") and Kevin Barnard ("Barnard") (collectively "Defendants"), for violations of her civil rights pursuant to 42 U.S.C. § 1983.  She also brings claims under state law for assault and battery, false arrest and false imprisonment, negligence, negligent supervision and control, negligent infliction of emotional distress and intentional infliction of emotional distress.  The Defendants move to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.  Plaintiff opposes the motion, and asks that if the Court grants the motion, that it also grant leave to amend.

## II.  FACTS

      Plaintiff is the mother of a daughter, Chloe, who was three years old at the time the Complaint was filed in this case.  She and Chloe's biological father, Sean Doane ("Doane"), never

1  married.  At the time of the incident alleged in this action, Plaintiff and Doane shared joint legal

2  and physical custody of the child, although at the time the Complaint was filed, a no-contact order

3  has been issued as to Doane with respect to Chloe.

4        Plaintiff alleges that defendant Barnard, a detective with the San Diego Police Department,

5  is a long-time friend of Doane's, as well as Doane's AA sponsor.  As part of a plan for Doane to

6  gain full custody of Chloe, Plaintiff claims that he conspired with his custody lawyer, his AA

7  sponsor, and Barnard to portray her as a drug addict.  Drysdale suffers from a serious, chronic

8  form of Endometriosis, which requires pain management therapy and large quantities of

9  prescription drugs.  She claims that Barnard and Doane used this fact to fabricate meritless

10  criminal charges against her, for which she was arrested on October 18, 2004.

11        Drysdale also alleges that defendant Barnard falsified police reports and intimidated

12  witnesses in order to induce the County of San Diego District Attorney's Office to file charges

13  against Drysdale.  The District Attorney did in fact file four felony counts against Drysdale on

14  September 1, 2004.  Immediately *prior* to Plaintiff's arrest on drug charges, Doane's attorney filed

15  an emergency *ex parte* application in Family Court for full custody of Chloe. The charges against

16  Drysdale were then dismissed on March 7, 2005.  Drysdale alleges that at the time of the filing of

17  this action, the San Diego Police Department was conducting an internal affairs investigation into

18  Barnard with respect to this incident.

19                              **III.  DISCUSSION**

20        Defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on the basis that Drysdale

21  has failed to state a claim under section 1983 for violation of her constitutional rights, and that she

22  has failed to allege facts with the requisite particularity to prevail on her section 1983 claim.

23  Defendants also move for dismissal of her pendant state law claims, on the basis that she failed to

24  file the required claim against the City of San Diego in a timely fashion, as required by Cal. Gov.

25  Code § 911.2.

26        *A.    Standard of Review*

27        On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept all material

28  allegations in the complaint as true.  *See Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 171

(2005).  Defendants ask the Court to take judicial notice of a transcript of a preliminary hearing in San Diego Superior Court in the matter of *The People of the State of California v. Kendra Lee Drysdale*, the criminal case underlying Plaintiff's section 1983 claims.  A motion to dismiss is designed to test the sufficiency of the pleadings.  "The issue is not whether a plaintiff's success on the merits is likely but rather whether the claimant is entitled to proceed beyond the threshold in attempting to establish her claims."  *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978).  Rule 12(b)(6) therefore limits the Court to considering only the pleadings, unless the Court wishes to convert the motion to one for summary judgment under Rule 56.  Fed. R. Civ. P. 12(b)(6).  There are two exceptions to this prohibition on consideration of evidence outside the scope of the pleadings.  "First, a court may consider material which is properly submitted as part of the complaint on a motion to dismiss without converting the motion to dismiss into a motion for summary judgment.  Second, under Fed. R. Evid. 201, a court may take judicial notice of "matters of public record."  *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).

        The Court finds that while it is permitted to consider the transcript of the preliminary hearing as a matter of public record, it is not particularly helpful to do so.  "[F]actual challenges to a plaintiff's complaint have no bearing on the legal sufficiency of the allegations under Rule 12(b)(6)."  *Id.* at 688.  Defendants ask the Court to consider the content of the transcript of the preliminary hearing as a factual challenge to Drysdale's claim that the charges against her were false.  In order for the Court to do so, it would need to draw factual inferences from that transcript in the Defendants' favor.  That is exactly what is not permitted on a motion to dismiss.  The Court therefore declines to consider the content of the preliminary hearing transcript in deciding whether Plaintiff has stated a claim under section 1983.

        *B.      Sufficiency of § 1983 Claim*

        Defendants argue that Plaintiff must plead specific facts in support of her § 1983 claim, and take issue with her failure to allege what Barnard did or said with greater particularity.  In essence, defendants ask the Court to hold plaintiff to a higher pleading standard than the notice pleading required by Fed. R. Civ. P. 8.  Rule 8 requires only that a plaintiff set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

"The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." *Conley v. Gibson,* 355 U.S. 41 (1957). The Supreme Court addressed the very issue of a "heightened pleading standard" for § 1983 liability in *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163 (1993). In *Leatherman*, the Court held that the particularity requirements of Rule 9(b) could only be applied to the types of actions enumerated in the rule: "averments of fraud or mistake, [and] the circumstances constituting fraud or mistake". *Id.* at 168 (quoting Fed. R. Civ. P. 9(b)). Section 1983 claims are not among those enumerated in Rule 9(b), therefore the Rule 8 notice pleading requirement applies. Drysdale's Complaint meets the notice pleading requirements of Rule 8. Defendants are not left in the dark about what it is they are alleged to have done - they may wish for greater particularity, but they are not entitled to it under Rule 8.

Defendants' next argument is that Plaintiff does not state a claim because she cannot overcome the presumption that the prosecutor exercised independent judgment in filing the criminal charges against her. The Ninth Circuit has held that "filing a criminal complaint immunizes investigating officers . . . from damages suffered thereafter because it is presumed that the prosecutor filing the complaint exercised independent judgment in determining that probable cause for an accused's arrest exists at that time." *Newman v. County of Orange*, 457 F.3d 991, 993 (2006) (quoting *Smiddy v. Varney*, 665 F.2d 261, 266 (9th Cir. 1981)). This is, however, a rebuttable presumption. One way the presumption will be rebutted is "the presentation by the officers to the district attorney of information known by them to be false". *Smiddy v. Varney*, 665 F.2d at 266-67. This is exactly the crux of Drysdale's Complaint - that defendant Barnard participated in a conspiracy with Doane to falsely portray her as a drug addict, and he falsified reports to do it. On a motion to dismiss, the Court must accept as true all material facts alleged in the Complaint. Accepting this allegation as true, Plaintiff has overcome the rebuttable presumption that the prosecutor exercised independent judgment in filing charges against her.

Finally, the Court notes that while Defendants argue regarding the City's lack of liability under § 1983, the Plaintiff has not in fact brought a § 1983 claim against the City. The Court therefore need not determine whether Plaintiff has sufficiently stated a claim of municipal liability.

*C.        State Law Claims*

Plaintiff brings seven state law causes of action against Barnard and the City.  These claims are governed by the California Tort Claims Act, Cal. Gov. Code § 810, *et seq.*  Specifically, Cal. Gov. Code §§ 905, 911.2, and 945.4 when taken together require that a suit for money damages cannot be filed against a public entity unless a  written claim has been presented to that entity not later than six months after the accrual of the cause of action, and the claim has either been acted upon by the board of that entity, or has been deemed to be rejected.  Cal. Gov. Code. §§ 905, 911.2, 945.4.

Plaintiff concedes that she did not allege in her complaint that she complied with this requirement.  However, she indicates in her opposition to the motion to dismiss that she did in fact file a claim with the appropriate public entity.  As discussed above, on a motion to dismiss the Court is not permitted to consider evidence outside of the pleadings, with the exception of documents attached thereto or implicitly relied upon, and matters of public record.   *See Lee v. City of Los Angeles*, 250 F.3d at 688-89.  The Court therefore has no choice but to find that Drysdale has not met the pleading requirements for her state law claims, and must grant the motion to dismiss.  Plaintiff acknowledges in her opposition to the motion to dismiss that this may likely be the case, and asks that should the Court grant the motion, it also grant leave to amend.  The request for leave to amend is well taken, and is granted.

## IV.  CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss is granted without prejudice.  Plaintiff has 45 days from the date this Order is entered to file a First Amended Complaint.

IT IS SO ORDERED.

DATED:  January 22, 2007

_____
Hon. Roger T. Benitez
United States District Judge

06CV0004 BEN (RBB)